# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

In re:   DECKER COLLEGE, INC.,

        Debtor                                                CASE NO. 05-61805
                                                                     CHAPTER 7

## ORDER DENYING MOTION TO AMEND PROOF OF CLAIM IN PART AND GRANTING IT IN PART

THIS MATTER comes before the Court upon the Motion to Amend Proof of Claim (the "Instant Motion") filed by the United States of America, on behalf of its agency and instrumentality, the U.S. Department of Education (the "Department"). The Department seeks to amend its Proof of Claim to reflect its recalculation of Debtor's liability under Findings 2, 3 and 4 of the Final Program Review Determination (the "FPRD") issued by the Department's Office of Federal Student Aid ("FSA"), as directed by the Secretary of Education in the Secretary's final decision resolving Debtor's administrative appeal of the FPRD. The Department also seeks to amend its Proof of Claim to add new claims against Debtor. Finally, the Department also asserts a setoff claim against Debtor, but does not seek to incorporate that claim in the amended Proof of Claim.1

The Chapter 7 trustee for Debtor has objected to the Instant Motion to the extent that the Department seeks to assert new claims. Certain of Debtor's creditors have also objected to the Instant Motion for similar reasons. As discussed more fully below, the Court will allow the Department to amend its Proof of Claim only to the extent that such amendment represents the recalculation of liability under the FPRD ordered by the Secretary of Education. The Court will

---

1 Because this Order only addresses whether and to what extent the Department may amend its Proof of Claim, the Court does not here consider the merits of the Department's assertion regarding setoff.

1

not allow the Department to amend its Proof of Claim to assert any claims that were not originally and expressly asserted in the FPRD.

As the Department correctly notes, under Federal Rule of Civil Procedure 15, it is within the Court's discretion to permit the amendment of a Proof of Claim. *See In re KDI Corp.*, 119 B.R. 594, 599 (Bankr. S.D. Ohio 1990). The Department is also correct that in exercising its discretion, the Court may consider, among other factors, "undue delay." *See Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007). The Court must also consider prejudice to the parties opposing the Instant Motion. *Id.*

Here, the Department seeks to amend its Proof of Claim to add a $6,709,699.00 claim for "closed school discharges." This claim ostensibly arose when the Department discharged certain student loans following the closing of Debtor's school a decade ago. It has been almost exactly 11 years since the Department filed its Proof of Claim. Yet, the Department offers no explanation as to why it has taken so long for it to assert this new claim. An injection of nearly $7 million of new liability into the pool of long-standing creditor claims will certainly prejudice the other creditors by diluting their claims. The Chapter 7 trustee for Debtor has spent the last 11 years expending time and resources administering Debtor's estate and making strategic decisions regarding complex litigation against the Department and others in reliance upon a particular, seemingly stable, array of claims. Changing the rules of the game a decade in without a very, very good reason would be manifestly unjust. Absent a compelling justification, the Court simply cannot exercise its discretion to allow the Department to amend its Proof of Claim in this regard.

Similarly, the Department seeks to amend its Proof of Claim to add thousands of dollars in claims for "cost of funds," essentially interest, associated with liabilities asserted under Findings 2, 3 and 4 of the FPRD. Although the Department describes these interest claims as being part of the recalculation of liability ordered by the Secretary of Education, it offers no details. It appears to the Court that "cost of funds" was not included in the original FPRD. Without proof from the Department otherwise, the Court must treat these claims as new claims and, therefore, as infirm by reason of undue delay as the claim for closed school discharges discussed above.

For the foregoing reasons, the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Instant Motion is GRANTED only to the extent that

2

the Department seeks to amend its Proof of Claim to reflect recalculation of the liabilities expressly asserted in the FPRD, as ordered by the Secretary of Education, and that the Instant Motion is DENIED in all other respects, including without limitation, to the effect that the Department may not amend its Proof of Claim to include claims for "closed school discharges" or "cost of funds."

Thomas H. Fulton
United States Bankruptcy Judge

Dated: March 31, 2017

3