# EXHIBIT F



November 16, 2020

Decker College
c/o Robert W. Keats, Trustee
P.O. Box 221377
Louisville, Kentucky 40252-1377

Sent via email only:
*rkeats@bellsouth.net*

**RE: Final Audit Determination**
   Audit Control Number (ACN): 04-2005-52005 (Close-Out Audit)
   OPE ID: 03077700

Dear Trustee Keats:

When Decker College ("Decker" or "Institution") began participating in the Federal student financial assistance programs authorized pursuant to Title IV of the Higher Education Act of 1965, 20 U.S.C. §§ 1070 et seq., ("Title IV, HEA programs"), Decker signed a Program Participation Agreement ("PPA") with the U.S. Department of Education ("Department"). By signing the PPA, the Institution agreed to comply with all Title IV statutory and regulatory program requirements and to adhere to a fiduciary standard of conduct. As such, the Institution is held to the highest standard of care and diligence in administering those programs and in accounting to the Department for any funds received under those programs. See 34 C.F.R. § 668.82.

When an institution loses its Title IV eligibility, has its PPA end, or ceases to provide educational instruction, an institution must submit a close-out audit report. Within 45 days of the end of an institution's participation in a Title IV, HEA program, the institution shall submit to the Department an engagement letter for an independent audit of all funds that the institution received under that program in accordance with 34 C.F.R. § 668.26(b)(2)(ii). The regulation further requires the audit report to be submitted to the Secretary within 45 days after the date of the engagement letter. Therefore, the close-out audit report is due to the Department no later than 90 days after the institution ceases to participate in Title IV programs. Decker ceased to participate in the Title IV programs on October 5, 2005.

This final accounting was held in abeyance during the pending administrative hearing in Docket No. 06-22-SP, and to accommodate subsequent settlement discussions that were inconclusive. The Department has not received Decker's close-out audit as of the date of this letter. The close-out audit was to cover the period of July 1, 2004 to September 30, 2005 (date of closure). Decker's failure to submit the required close-out audit constitutes a failure to account for all Title IV, HEA program funds received by the Institution during the unaudited period. In the absence of a close-out audit, Decker is liable for all the Title IV funds received during the unaudited period.

While the Department received payment requests from Decker in August 2005, September 2005, and in May 2019, those requests failed to demonstrate that Decker was entitled to reimbursement of Title IV funds.



Multi-Regional & Foreign Schools Participation Division
Union Center Plaza, 830 First Street, NE, 7th Floor, Washington, DC 20202
StudentAid.gov

Decker College
OPE ID: 03077700
Page 2 of 7

Thus, the purpose of this letter is to notify Decker of the amount of the liability identified for this unaudited period and to explain the institution's right to an administrative appeal of that liability determination.

The Department is aware that Decker has filed for bankruptcy. Therefore, this letter is not a demand for payment. Instead, the Department will establish the liability through its administrative process, and will only seek recovery of this liability in accordance with applicable bankruptcy law and orders of the bankruptcy court.

## FEDERAL PELL GRANT LIABILITIES FOR THE UNAUDITED PERIOD

The amount due to the Department is $14,256,418.00 in Federal Pell Grants. In addition, Decker is also liable for the Cost of Funds ("COF") associated with this liability. The Department has determined the COF amount to be $2,151,957.83. The total liability amount is $16,408,375.83. *See* Appendix A.

## LOAN LIABILITIES FOR THE UNAUDITED PERIOD

The total amount of Direct Loan ("DL") funds that Decker improperly drew down for the 2004–2005 and 2005–2006 award years is $1,376,439.00.[1] However, in lieu of requiring Decker to assume the risk of default by purchasing the ineligible loans from the Department and the lender, or asserting a liability for the entire loan amount, the Department has asserted a liability for the estimated loss ("EL") that the government may incur with respect to the ineligible loans. For an institution that does not have a cohort default rate (such as Decker), the estimated loss is calculated based on subsidy cost data and the most recent sector cohort default rate. As a result, the EL that Decker must pay to the Department for these ineligible loans is $44,299.19. *See* Appendices B and C (Appendix B includes DL funds for 2002-2003 award year and Appendix C includes DL funds for 2004-2005 award year) which contains the results of the calculation of the EL.

With regard to the Federal Family Education Loan ("FFEL") program, Decker disbursed a total of $16,881,977.00 in Stafford (Subsidized and Unsubsidized) and Parent Loan for Undergraduate Student ("PLUS") Loans. The Department has estimated $170,634.52 as the EL the Department has incurred on these improper loans using the fiscal year 2017 Official sector cohort default rate (*i.e.*, proprietary less than two years) of 18.0%. The Department's EL for excess subsidies paid to lenders is estimated by using the average number of days from disbursement to repayment, repayment to default, and repayment to paid-in-full. *See* Appendix C (contains FFEL funds awarded for 2004-2005 and 2005-2006 award years) which contains the results of the calculation for the EL.

Please note that the estimated loss calculated above has been adjusted to remove loans that were discharged due to Decker's closure. The principal amounts of any closed school loan discharges were removed from the total amount improperly disbursed and are established as a separate liability in the next section. Lastly, the Department's records reflect that the Department cancelled $2,082,253.00 in FFEL, DL and PLUS loans. Thus, because these loans were never made, the Department has not assessed any liabilities.

---

[1] The Department notes that Decker reported to the National Student Loan Data System that it originated $795,737 of this amount in the 2003-2004 award year, but Decker disbursed these funds in the 2004-2005 award year.

Decker College
OPE ID: 03077700
Page 3 of 7

## LIABILITIES FOR CLOSED SCHOOL LOAN DISCHARGES

Under 34 C.F.R. §§ 682.402(d) and 685.214, student loan borrowers, or students whose parent borrowed a PLUS loan who were enrolled at an institution at the time of the institution's closure, or who withdrew from the institution within 120 days preceding the institution's closure, and who were unable to complete their program because of the closure, may apply for a closed school discharge of their Federal student loan. A borrower may apply for a loan discharge through the holder of the loan. If the discharge is granted, any amounts already repaid will be refunded. Students who complete their educational programs through a teach-out, or use the credits gained at the closed institution to complete an educational program at another institution, are not eligible for a closed school discharge. If the borrower's loan is discharged, the borrower is relieved of responsibility to repay the loans and automatically assigns to the Department his or her rights under applicable law with respect to the loans or the enrollment agreements against the institution, its principals, affiliates and their successors, its sureties, and any private fund, including the portion of a public fund that represents funds received from a private party, up to the amount discharged. *See* 34 C.F.R. §§ 682.402(d)(5) and 685.214 (e), which provide the Department with the authority to recover liabilities from the Institution for the loan amounts discharged.

With regard to loan discharges due to school closure, Decker owes the Department $6,896,759.00. *See* Appendix D.

In addition, the Department will use the program review process to recover any subsequently established liabilities for any other loan discharges (*e.g.*, based upon borrower defense to repayment claims).

## LIABILITIES FOR UNSUBSTANTIATED EXCESS CASH DL FOR THE UNAUDITED PERIOD AND PRIOR AWARD YEARS

The DL Common Origination and Disbursement ("COD") System authorizations net draw downs in G5 and COD have not been reconciled for the 2004-2005 award year. As of November 3, 2020, the DL program remains unreconciled. As a result, the Department's records reflect that Decker has an excess cash balance.

| Award Year/Program | G5 Net Draw Down | Net Accepted & Posted Disbursements (NAPD) | Excess Cash |
|---|---|---|---|
| 2004-2005 DL | $82,557.00 | $61,821.00 | $20,736.00 |

Decker College
OPE ID: 03077700
Page 4 of 7

## STATEMENT OF DECKER'S LIABILITY
Decker's total liability to the Department is $23,540,804.54.

| PROGRAM | PRINCIPAL AMOUNT DUE | COST OF FUNDS (NOT FOR EL) | TOTAL DUE |
|---|---|---|---|
| Pell (unaudited period)[2] | $14,256,418.00 | $2,151,957.83 | $16,408,375.83 |
| Federal Family Education Loan Program (unaudited period) | $16,881,977.00 | | $ 170,634.52 |
| Direct Loan (unaudited period) | $ 1,376,439.00 | | $ 44,299.19 |
| Closed Institution Loan Discharges | $ 6,896,759.00 | | $6,896,759.00 |
| 2004-2005 Excess Cash DL Funds | | | $ 20,736.00 |
| TOTAL | $39,411,593.00 | | $23,540,804.54 |

As set forth above, due to the institution's pending bankruptcy, this is not a demand for payment; instead, the Department will only seek recovery of this liability in accordance with applicable bankruptcy law and orders of the bankruptcy court. If future payment is permitted in the bankruptcy but such payment is not received through the Treasury Financial Communications System (also known as FEDWIRE) within the applicable period, interest will accrue in monthly increments.

The following identification data applies to this payment that may be required following bankruptcy proceedings. If payment is required at that time, the following information must be written on the transmittal form and accompanying documents:

Amount: $23,540,804.54
TIN: 611209896
ACN: 04-2005-52005
DUNS: 624882288

---

[2] The Department's records (i.e., eZ-Audit https://ezaudit.ed.gov) show Decker last submitted a compliance audit to the Department for the fiscal year ending June 30, 2004, which covered the period of January 1, 2003 through June 30, 2004. As a result, the Department determined that unaudited period to be July 1, 2004 through September 30, 2005 (date of closure).

Decker College
OPE ID: 03077700
Page 5 of 7

This debt may also be referred to the Department of the Treasury for further action as authorized by the Debt Collection Improvement Act of 1996 in accordance with federal law.

Neither the Department's issuance of this Final Audit Determination, nor payment by Decker of the liabilities identified in it, in any way waives the Department's right to recover liabilities either existing now, but unknown to the Department, or accruing in the future, through offset or other collection efforts in accordance with federal law.

## APPEAL PROCEDURES

If Decker elects to appeal to the Secretary of Education for a review of the financial liabilities established by this Final Audit Determination, Decker must file a written request for a hearing. Please note that Decker may appeal financial liabilities only and cannot appeal the Institution's loss of eligibility from the denial of the institution's recertification application. The Department must receive Decker's request no later than 45 calendar days from the date Decker receives this Final Audit Determination letter.

**The Department requests that Decker submit an original and four copies of its complete request for review.**

The request must be sent to:

> Attn: Susan Crim, Director
> Administrative Actions and Appeals Service Group
> U.S. Department of Education
> Federal Student Aid/Partner Enforcement and Consumer Protection
> 830 First Street, NE UCP3, Room 84F2
> Washington, DC 20002-8019

Decker's appeal request must:

   (1) indicate the findings, issues, and facts being disputed;
   (2) state the institution's position, together with pertinent facts and reasons supporting its position; and
   (3) include a copy of the Final Audit Determination letter received by the institution.

When Decker submits its request for appeal, Decker may also include documentation it believes the Department should consider in support of the appeal. Please note that any additional documentation submitted with the institution's appeal request, other than items 1-3 above, will only be used by the Administrative Actions and Appeals Service Group ("AAASG") to determine whether the appealed liabilities can be resolved or reduced prior to the transmittal of the appeal to the Department's Office of Hearings and Appeals ("OHA").

Decker College
OPE ID: 03077700
Page 6 of 7

As a result, please submit **no more than three copies** of any documentation, other than items 1-3 above, that the institution would like to have informally considered. The additional documentation, not part of items 1-3 above, provided with the institution's appeal request will NOT be delivered to OHA as part of the appeal request.

Instead, the parties will submit fillings to OHA (including any supporting documentation) in accordance with the Hearing Official's orders after the matter has been assigned to that official, as described below. If any appeal documents include personally identifiable information ("PII"), the PII must be redacted, except for the student's name and last four digits of his/her social security number. (Please see the enclosed document, "Protection of Personally Identifiable Information," for instructions on how to mail appeal records containing PII).

PII is any information about an individual which can be used to distinguish or trace an individual's identity (some examples are name, social security number, date, and place of birth). The loss of PII can result in substantial harm, embarrassment, and inconvenience to individuals and may lead to identity theft or other fraudulent use of the information. To protect PII, this letter does not contain any student PII. However, Appendices A, B, C and D do contain PII. Therefore, these appendices will be made available upon request by an authorized representative.

In addition, due to the pending bankruptcy, please send a copy of the request and all supporting documentation to Assistant U.S. Attorneys, Jessica R.C. Malloy and Katherine A. Bell.

If Decker's appeal is timely, the request for appeal will be transmitted to the Department's OHA for an administrative hearing in accordance with § 487(b)(2) of the HEA, 20 U.S.C. § 1094(b)(2). The Hearing Official assigned to the case will issue an order scheduling the submission of briefs and supporting evidence in accordance with 34 C.F.R. § 668.114(c). Decker may therefore submit additional documentation supporting its appeal request at that time.

Further, if Decker is appealing a projected liability amount, it may provide detailed liability information from a complete file review, either at the time it initially submits its appeal request or pursuant to the proceedings at OHA. The procedures followed with respect to Decker's appeal are those provided at 34 C.F.R. Part 668, Subpart H. The cost of funds on the appealed liabilities shall continue to accrue at the applicable value of funds rate, as established by the United States Department of Treasury, or if the liabilities are for refunds, at the interest rate set forth in the loan promissory note(s).

Program records relating to the period covered by this audit must be retained until the later of: resolution of any loans, claims, or expenditures questioned in the audit, 34 C.F.R. § 668.24(e)(3)(i), or the end of the retention period applicable to the record under 34 C.F.R. §§ 668.24(e)(1) and (e)(2).

Decker College
OPE ID: 03077700
Page 7 of 7

If Decker has questions, please contact counsel for the United States.

Sincerely,

Martina Fernandez-Rosario
Director
School Eligibility and Oversight Service Group

Enclosures:
    Protection of Personally Identifiable Information
    Appendix A – Cost of Funds – Non-Loan – Pell Liabilities for Unaudited Period (provided upon request)
    Appendix B – Estimated Loss – Direct Loan Funds – Ineligible (provided upon request)
    Appendix C – Estimated Loss – Federal Family Education Loan Funds – Ineligible (provided upon request)
    Appendix D – Closed School Loan Discharges (provided upon request)